NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KUEHNE CHEMICAL COMPANY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ADEX INTERNATIONAL, INC.**<br><br>Defendant. | Civ. No. 2:14-05630 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Kuehne Chemical Company, Inc. ("Kuehne") brings this action alleging fraud, conversion, breach of fiduciary duty, unjust enrichment, promissory estoppel, indemnity, and intentional interference with contractual relations against Adex International, Inc. ("Adex"). This matter comes before the Court on Adex's motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or the doctrine of *foreign non conveniens*. Alternatively, Adex moves to transfer this case to the Southern District of Florida. Because there are factual disputes that bear on the issues at hand, the Court will deny Adex's motion without prejudice and order that the parties engage in venue-related discovery.

**I.   BACKGROUND**

      In 2011, Plaintiff Keuhne entered into a contract ("the EPC Contract") with non-party Conve AVS Vega Mesa LLC ("CAVM") – a Florida limited liability company – to construct a bleach manufacturing facility in South Kearny, New Jersey ("the Project"). The EPC provided that Kuehne would pay CAVM approximately $11 million for minor equipment needed for the Project. While Defendant Adex was not a party to the EPC, it entered into a separate agreement with CAVM under which Adex would procure minor equipment as defined in the EPC. The EPC provided that Kuehne would submit minor equipment payments directly to Adex rather than CAVM.

The Complaint alleges that Kuehne agreed to this arrangement only after receiving a number of assurances from Adex.  The thrust of the Complaint is that Adex did not follow through on those assurances, which caused Kuehne financial injury.  Kuehne states that Adex made its representations to Kuehne executives in New Jersey.  Adex, however, contends the primary discussions concerning Adex's role in the Project occurred in Florida, not New Jersey.  Unsurprisingly, Kuehne hotly contests Adex's recollection of the facts.

Now, Adex argues that the Southern District of Florida is the proper venue for this action; it has moved to dismiss the case for improper venue under Fed. R. Civ. P. 12(b)(3) or the doctrine of *foreign non conveniens*.  Alternatively, Adex moves to transfer this case to the Southern District of Florida.  In opposition, Kuehne contends that the District of New Jersey is a proper venue.

## II.   DISCUSSION

Because there are disputed issues of fact that bear on the issues at hand, the Court finds it necessary to order venue-related discovery before it decides Adex's motion.  "[W]here issues arise as to…venue, discovery is available to ascertain the facts bearing on such issues."  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (*citing Oppenheim Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978)).  *See also McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) (parties should be afforded an opportunity to complete discovery with respect to the issues posed by a § 1404(a) motion).  Here, the parties significantly diverge in their recollection of where they met to discuss Adex's role in the Project.  Resolution of this factual dispute will assist the Court in deciding Adex's motion.  Therefore, Adex's motion is **DISMISSED WITHOUT PREJUDICE**.  The parties will be ordered to engage in venue-related discovery to be completed no later than April 24, 2015.  Discovery will be limited for the sole purpose of ascertaining when and where Adex and Kuehne met to discuss Adex's role in the Project.  Upon completion of discovery, Adex will be permitted to renew its motion should it chose to do so.

## III.   CONCLUSION

For the foregoing reasons, Adex's motion is **DISMISSED WITHOUT PREJUDICE**.  The parties are to engage in venue-related discovery pursuant to the Order that accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  March 17, 2015**